REDFORK LEVEE DISTRICT v. ST. LOUIS, IRON MOUNTAIN &

SOUTHERN RAILWAY COMPANY.

Opinion delivered July 23, 1906.

LEVEE DISTRICT—RAILROADS—VALIDITY OF ASSESSMENT.—Under an act pro-
viding that the board of inspectors of a levee district shall cause
a list of lands in their district subject to levee tax to be filed with
the clerk, who shall extend the tax levied for the district against the
land, where the board failed to file a descriptive list of the lands
of railroad company subject to levee tax with the clerk, an attempted
ascertainment and extension of such tax by the clerk was unauthorized
and void.

Appeal from Desha Chancery Court; *James C. Norman,*
Chancellor; affirmed.

*F. M. Rogers,* for appellant.

1. The purpose of filing the lists with the county clerk is
to furnish him information. They are not the exclusive source
from which he can obtain information as to the property within
the district. If he waives the lists and obtains the necessary in-
formation from other sources, the owner is not thereby preju-
diced.

2. . The act of April 27, 1905, appears to be void, in that it
is not responsive to its title, and that it embraces two entirely
distinct subjects. It contains no repeal clause, and its language
is conclusive that no repeal was intended. Repeals by implica-
tion are not favored. Such repeals must be necessary, or, at
least, arise from a clear and unmistakable intention. 41 Ark.
149; 45 Ark. 90; 34 Ark. 499. A general affirmative statute does
not repeal a prior particular statute, or particular provisions of
a prior statute, upon the same subject, unless negative words are
used or unless there be an invincible repugnancy between the
two. 50 Ark. 132; 51 Ark. 559; 53 Ark. 417; *Ib.* 339.

3. The proof fails to show that the board of directors
violated the provisions of the act of 1905 in determining the rate
per cent. to be levied for that year.

*M. A. Austin* and *B. S. Johnson,* for appellee.

For acts forming the districts, see Acts 1891, p. 169, 253;
Acts 1905, p. 554; Acts 1893, p. 319. The object of these acts

was to build levees whereby alluvial land subject to overflow should be reclaimed. No other lands are subject to levy tax. No reference is made to buildings, structures, railroad tracks, right of way, etc., and hence no power to levy a tax on railway property. The acts require a list of lands subject to tax to be filed with the clerk. This was *mandatory,* fundamental. This was never done, and the assessment and levy are void.

2. The board of inspectors only could file this list. The clerk had no *power* whatever to make an assessment. There being no assessment, the levy was a nullity. Cooley, Taxation (3 Ed.), 597-8; 64 Ark. 436; 67 *Id.* 498, 505.

3. The last act repealed the old act. 24 Ark. 470-481; 41 *Id.* 149-151; 102 Mass. 386; 143 U. S. 18.

McCULLOCH, J. The St. Louis, Iron Mountain & Southern Railway Company, appellee, instituted two suits in equity against the Board of Inspectors for the Desha Levee District of Desha County, and the Board of Inspectors for Redfork Levee District of Desha County, respectively, to restrain and prevent the enforcement of collection of levee taxes alleged to be illegally assessed for the year 1905 against its property situated in said districts.

In the complaint against the Desha Levee District it is alleged that the taxes illegally assessed and extended for the year 1905 against the railroad property amount to the sum of $3,425.50, whereas a legal assessment against said property would not exceed $986.88; and in the complaint against the Redfork Levee District it is alleged that the taxes illegally assessed and extended against the railroad property amounts to $2,317.90, whereas a legal assessment would not exceed the sum of $542. The respective amounts of taxes alleged to be legally due were tendered to each of said defendants in the complaint, and the collection of any additional amount is sought to be prevented. Answers were filed in both cases, and the pleadings raised substantially the same question in each case. By express agreement entered of record, both cases were consolidated and heard by the chancellor upon the same evidence, and separate decrees were entered in both cases in favor of the plaintiff restraining the said defendants from enforcing the collection of taxes for that year in excess of the respective sums authorized. Both of the defendants

appealed, and the two cases have been heard together by the court.

The Redfork Levee District was created by a special act of the General Assembly at the session of 1891, and, as amended at the session of 1893, contained the following sections:

"Section 14. There shall be levied and collected in said districts annually on all alluvial lands therein that now are and would be benefited by levees, and which now are or shall become taxable for State revenue, a levee tax not exceeding two per centum of the assessed value thereof. That said board of inspectors shall ascertain in such manner as they may provide the lands in their respective districts that are subject to tax under the provisions of this act, and cause a list thereof to be filed with the clerk of the county court in the county in which said lands are situated on or before the second Monday of October of each year, and the clerks shall extend the tax levied for said district against said land.

"Section 15. It shall be the duty of the boards of inspectors at the regular October meeting to fix and determine the rate of percentage of tax necessary to be levied for the year then current, which rate of percentage shall be certified to the county court of the county in which said lands are situated, and said courts shall proceed to levy the rate per cent. so certified at the time and in the manner other taxes are levied, and the same shall be by the clerk of the county extended upon the tax books of the county in a separate column to be provided for that purpose. Said board shall have power, and it is hereby made their duty, at their meeting in October to hear and determine all questions as to whether any given tract of land is legally taxable for levee purposes under the provisions of this act, and all corrections or changes made in the list of lands subject to such tax shall be certified to the county court at the time the list is certified." Acts 1893, p. 256.

The Desha Levee District was created by a special act passed at the session of 1893, and contained sections of precisely the same import and almost identically the same language as the two sections above quoted.

The General Assembly at the 1905 session enacted a special statute entitled "An Act to provide for the assessment of rail-

roads, rights of way, tramroads, roadbeds and railroad property situated within the boundaries of" the Desha Levee District and certain other levee districts therein named, which said statute contained the following sections:

"Section 1.  That the boards of directors of levee inspectors of Cotton Belt District No. 1, Phillips County, Arkansas, Laconia Levee District of Phillips and Desha Counties, Ark., and the Desha Levee District in Desha County, and the Linwood and Auburn Levee District, in Lincoln and Desha counties, Arkansas, be and they are hereby authorized and directed, through the proper authorities as now prescribed by law, to assess and levy annually upon the increased value of betterment estimated to accrue from the protection given against floods from the Mississippi River and its tributaries by reason of the construction and maintenance of levees in said districts and upon all lands, railroads, tramroads, rights of way, roadbeds and appurtenances in said levee districts, according to the betterment and increase in value, such tax as may be levied upon other property in said districts, and said assessment may be made per mile instead of per acre.  Provided, that no error in the name and residence of the owners of railroads, or tramroads or land, or the description thereof, shall invalidate said assessment, if sufficient description is given to ascertain where the property sought to be taxed is situated.

"Section 2.  That said assessment shall be made in the manner and form and by the authority now prescribed by law for the assessment of betterments on property situated in said respective districts."  Acts 1905, c. 213.

The Redfork Levee District is not mentioned in the last-named statute, and the same has no application thereto.

The facts of both cases are practically undisputed.  The Board of Inspectors of Redfork Levee failed to file with the clerk of the county, as required by the act of 1893, a descriptive list of the lands in the district ascertained to be subject to levee tax; and the Board of Inspectors of the Desha Levee District filed such list, but the same did not contain any description of the railroad property.  These facts are agreed upon.  The Board of Inspectors of the Desha Levee District took no action with reference to assessment of railroad property, further than to pass and

certify to the county court a resolution ordering that "a tax of eight mills be levied on each and every dollar of the assessed value of real estate, including railroad beds, subject to taxation." Neither the number of miles of railroad track nor description of other railroad property in the district was certified by the board of inspectors. The county clerk ascertained, according to his own method, from maps in his office, the number of miles of railroad track situated in the levee districts, and extended the same according to the rate fixed by the board of inspectors and the value per mile fixed by the State Board of Railroad Assessors. The buildings on railroad right of way and the value thereof were ascertained by the clerk in the same way, and the taxes so extended. This did not constitute a valid assessment of the railroad property. The act of 1893, hereinbefore quoted, expressly required that the board of inspectors of the levee district should ascertain what lands in the district would be benefited by the levee, and therefore subject to tax, and to cause a descriptive list thereof to be filed with the clerk of the county court in the county where the lands are situated. It does not authorize any other person or board to make such ascertainment, and the attempted ascertainment and extension of taxes by the county clerk was wholly unauthorized. The assessment as made was void and not enforcible.

Nor does the act of 1905 authorize such procedure by the clerk. That statute obviously contemplates some action of the board of inspectors with reference to the ascertainment of the particular property to be taxed and the value thereof. This much is certain, though the meaning of the act, so far as it is applicable to the Desha Levee District, is somewhat obscure. Without undertaking to further construe this statute—it is unnecessary to do so in this case—we hold that there was no valid assessment of levee tax on the railroad property in the Desha Levee District, and that the act does not apply to the Redfork Levee District.

No descriptive list of railroad property subject to levee taxation having been filed by the board of inspectors in either of said districts in accordance with the provisions of the act of 1893, the assessments can not be sustained under those statutes. The decrees in both cases are affirmed.